David Thomas **SINGLETON**, Petitioner-Appellant

v.

Keith **COOLEY**, Warden, Allen Correctional Center, Respondent-Appellee

No. 16-30140
Summary Calendar

United States Court of Appeals, Fifth Circuit.

Filed February 15, 2017

---

David Thomas Singleton, Pro Se

Before JOLLY, DAVIS, and
SOUTHWICK, Circuit Judges.

PER CURIAM: *

David Thomas Singleton, previously
Louisiana state prisoner # 81080, moves
this court for leave to proceed in forma
pauperis (IFP) on appeal from the district
court's denial of his 28 U.S.C. § 2241 mo-
tion. The § 2241 motion, which Singleton
filed while incarcerated in Louisiana, chal-
lenges his sentence, including the contin-
ued state oversight on parole. See U.S.
Const. art. III, § 2; Spencer v. Kemna, 523
U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43
(1998).

Singleton fails to show a nonfrivolous
issue for appeal as to his successive 28
U.S.C. § 2254 claims. See 28 U.S.C.
§§ 1915(a)(1), 2244(b)(3)(A); Carson v. Pol-
ley, 689 F.2d 562, 586 (5th Cir. 1982). In
his prior § 2254 application, Singleton pre-
sented his argument that his 1993 resen-
tencing unconstitutionally increased his
punishment. See Leal Garcia v. Quarter-
man, 573 F.3d 214, 220 (5th Cir. 2009). In
the same proceeding, he challenged the
calculation of his release date based on the
resentencing, a claim also governed by
§ 2254. See Whitehead v. Johnson, 157
F.3d 384, 385 & n.1 (5th Cir. 1998). As to
his double jeopardy claim, Singleton knew
in 1993 that he was being resentenced for
the same offense. That defect could have
been raised in his original § 2254 applica-
tion and is now successive. See Leal Gar-
cia, 573 F.3d at 220. Because these claims
are successive, Singleton needed this
court's authorization to file, notwithstand-
ing the district court's time-bar dismissal

of his prior § 2254 application. See In re
Flowers, 595 F.3d 204, 205 (5th Cir. 2009).

Singleton additionally argues that fraud
upon the court and a conspiracy prevented
the vindication of his rights in his original
§ 2254 proceeding and later motion to file
a successive § 2254 application. The record
does not support this claim. In any event, a
§ 2241 petition is not the proper vehicle to
challenge the result of a prior § 2254 pro-
ceeding. The fraud claim also presents no
nonfrivolous issue for appeal. See Carson,
689 F.2d at 586.

The motion to proceed IFP on appeal is
DENIED. Singleton's motion to file a sup-
plemental brief is GRANTED, but his mo-
tions for appointment of counsel and to
expedite the appeal are DENIED. The
appeal is DISMISSED. See 5th Cir. R.
42.2.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.